IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:19-CR-00005-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JEROME LITTLE, | ) | |
| | ) | |
| Defendant. | ) | |

These matters come before the court on Defendant's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582 [DE 64], his counseled memorandum in support of the motion [DE 68], and the government's response in opposition to the motion (DE 74). In essence, Defendant argues that his age and health conditions increase his chance of death or serious illness should he contract COVID-19 at his prison facility. Defendant contends that his circumstances are "extraordinary and compelling" under 18 U.S.C. § 3582(c)(1)(A) and, along with his good conduct and completed programming, support his request for early release. The United States opposes Defendant's request.

The court has learned that Defendant was released from incarceration on April 1, 2024. https://www.bop.gov/inmateloc/, Jerome Little, Register Number: 14615-056, last visited Apr. 5, 2024. Accordingly, the court can no longer grant the Defendant's requested relief, early release from prison. "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the out-come." *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *see also Williams v.*

*Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (holding that inmate's transfer rendered moot his claims for injunctive and declaratory relief).

The Fourth Circuit Court of Appeals has determined that requests for compassionate release under § 3582 are rendered moot when an inmate is released. *See United States v. Banks-Davis*, No. 21-6550, 2021 WL 4936206, at *1 (4th Cir. Oct. 22, 2021) (citing *United States v. Chestnut*, 989 F.3d 222, 224–25 (2d Cir. 2021) (holding that a prisoner's appeal of the denial of a motion for compassionate release is moot upon the prisoner's release when the prisoner requests release from prison solely based on health risks posed by COVID-19)); *see also United States v. Jackson*, No. 22-7140, 2023 WL 4758733, at *1 (4th Cir. July 26, 2023) ("Because Jackson has already served his term of imprisonment, there is no longer a live controversy regarding the orders denying his motions for compassionate release and for reconsideration.").

As the court now lacks subject-matter jurisdiction to hear this matter, Defendant's motion for compassionate release [DE 64, 68] is DENIED WITHOUT PREJUDICE as moot.

SO ORDERED this 8th day of April, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE